NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NESCHEN CORPORATION, : | |
| Plaintiff, : | |
| v. : | |
| GRAFIX SOLUTIONS, INC., : | Civil Action No. 11-06748 (JAP) |
| Defendants. : | **OPINION** |
| GRAFIX SOLUTIONS, INC., : | |
| Third-Party Plaintiff, : | |
| v. : | |
| AVERY DENNISON CORPORATION : and VALSPAR CORPORATION, : | |
| Third-Party Defendants. : | |

PISANO, District Judge:

This case arises out of a complaint originally filed by Neschen Corporation against Grafix Solutions, Inc., on July 27, 2011 in the Superior Court of New Jersey, Middlesex County, Law Division (docket no. L-5414-11). The complaint sought $16,608.50, well below the $75,000 threshold for federal court diversity jurisdiction. 28 U.S.C. § 1332. On September 27, 2011, Grafix filed a counterclaim seeking compensatory damages of at least $1.9 million. On October 11, 2011, Grafix filed a third-party complaint against Avery Dennison Corporation and Valspar Corporation, also seeking $1.9 million. On November 16, 2011, Avery filed a Notice of Removal pursuant to 28 U.S.C. § 1441 with this Court. Avery based its removal on diversity

jurisdiction, presumably satisfying the amount in controversy requirement through the third-party complaint against it and Valspar.  The Notice of Removal notes that Neschen and Valspar consent to the removal, but remains silent as to Grafix.  For the reasons set forth below, this Court lacks subject matter jurisdiction and therefore this case must be remanded to state court.

      The Third Circuit has not ruled on whether or not third-party defendants such as Avery may remove to federal court under 28 U.S.C. § 1441.  However, a majority of federal courts have held that they may not, including district courts in this Circuit.  *See Foster v. City of Philadelphia*, No. 11 Civ. 4817, 2011 U.S. Dist. LEXIS 123212, *7-11 (E.D. Pa. Oct. 25, 2011).  "An overwhelming majority of federal courts . . . have held that . . . third-party defendants are not 'defendants' within the meaning of the statute." *Id.* at 9 (citing *Gola v. City of Philadelphia*, No. 09 Civ. 5037, 2011 U.S. Dist. LEXIS 63279, at *9-10 (E.D. Pa. June 13, 2011).  Avery, as a third-party defendant, may not remove this case.

      In fact, no party could remove this case to federal court.  Federal courts may have diversity jurisdiction based on the amount in controversy in compulsory counterclaims. *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120 (3d Cir. 1997).  However, *removal* cannot be granted based on the amount in compulsory counterclaims.  Lower court decisions have distinguished *Spectacor*, which was originally filed in federal court, from cases in which a party seeks removal from state court.  *See, e.g.*, *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 692-93 (D.N.J. 1998); *Leeb v. Allstate Indemnity Co.*, No. 09-3160, 2009 US Dist. LEXIS 67630 (E.D. Pa. Aug. 3, 2009).  These courts have reasoned that because removal statutes must be construed narrowly, removal jurisdiction may only be based on the amount in the original complaint.

Avery contends that Grafix should be considered the Plaintiff, and that all other parties should be considered Defendants, which would effectively remove their "third party" status and turn the complaint against them into the "original" complaint filed in the case.  Because of the law outlined above, this would be the only way for Avery to remove this case to federal court.  Avery has cited no legal basis for such a request, and the Court declines to grant it.  "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Therefore, this Court lacks subject matter jurisdiction and this matter is remanded to the Superior Court of New Jersey, Middlesex County, Law Division.  Accordingly, this matter is closed.  An appropriate Order accompanies this Opinion.

                                                    s/ Joel A. Pisano
                                                    JOEL A. PISANO
                                                    United States District Judge

Dated:  November 22, 2011